Rev. 12/15/11

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| _Cory Knecht_ | : | CASE NO _16-17242_ |
| _Bernadette Knecht_ | : | |
| Debtors | : | (Indicate if applicable) |
| | : | |
| | : | ☐ ORIGINAL PLAN |
| | : | |
| | : | (2nd) AMENDED PLAN |

**YOUR RIGHTS WILL BE AFFECTED**

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

**PLAN PROVISIONS DISCHARGE: (Check one)**

☑ The debtors will seek a discharge of debts pursuant to Section 1328(a).

☐ The debtors are not eligible for a discharge of debts because the debtors have previously received a discharge described in 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

☐ This plan contains special provisions that are not included in the standard plan as recommended by the Chapter 13 standing trustees in the Eastern District of Pennsylvania. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

**1. PLAN FUNDING AND LENGTH OF PLAN**

A. Payments by the debtors of $ _____ per month for _____ months. This monthly plan payment will begin no later than 30 days following the date of the filing of the bankruptcy petition or the date of conversion to Chapter 13.

B. In addition to the above specified plan payments, the debtors agree to dedicate to the plan the estimated amount of sale proceeds as follows: $_____ from the sale of property (describe property) _____ All sales will be completed by _____.

Other lump sum payments shall be paid to the trustee as follows: _____.

Other payments from any source (describe specifically) shall be paid to the trustee as follows: _____.

C. **For amended plans**:
   (1) The plan payments by the debtors shall consist of the total amount previously paid ($ _1804.00_ ) added to the new monthly payment in the amount of $ _399.00_ for the remaining _51_ months of the plan for a total base amount, as amended, of $0 _22,106.00_ plus other payments and property stated in Paragraph B above.
   (2) The payment amount shall change effective _August 2017_.
   (3) The debtors shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to the terms of the amended plan.
D. The debtors are responsible for funding the plan.

2. **SECURED CLAIMS**

   A. <u>Adequate Protection Payments under Section 1326</u>. Adequate protection payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor. Adequate protection payments will terminate upon confirmation of the debtors' Chapter 13 Plan, and any further payments to a creditor previously receiving adequate protection payments will be governed according to the terms of the confirmed plan.

| Name of Creditor | Address of Creditor | Account # | Payment | Month of 1st Payment |
|---|---|---|---|---|
| | | | $ | |
| | | | $ | |

   B. <u>Mortgages and Other Direct Payments by Debtors</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| Nationstar Mortgage POC#4 | r/e at 1068 W Wilkes Barre St, Easton, PA | $1000.00 | $53,464.00 | % |
|  |  | $ | $ | % |
|  |  | $ | $ | % |
|  |  | $ | $ | % |
|  |  | $ | $ | % |

C. Arrears

| Name of Creditor | Description of Collateral | Pre-Petition Arrears to be Cured | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| Nationstar Mortgage POC#4 | r/e at 1068 W Wilkes Barre St, Easton, PA | $13,092.00 | % | $13,092.00 |
|  |  | $ | % | $ |
|  |  | $ | % | $ |
|  |  | $ | % | $ |
|  |  | $ | % | $ |

3

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as 'NO VALUE' in the "Modified Principal Balance" column below will be treated as an unsecured claim. A MOTION AND/OR AN ADVERSARY ACTION, AS APPROPRIATE SHALL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN.

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| | | $ | % | $ | ☐ Plan <br> ☐ Adversary |
| | | $ | % | $ | ☐ Plan <br> ☐ Adversary |
| | | $ | % | $ | ☐ Plan <br> ☐ Adversary |

E. <u>Other Secured Claims</u>.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| Sterling Jewelers POC #1 | jewelry | $ 2955.00 | % | $2955.00 |
| | | $ | % | $ |
| | | $ | % | $ |

F. <u>Surrender of Collateral</u>:

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

4

G. <u>Lien Avoidance</u>: The debtors move to avoid the liens of the following creditors pursuant to Section 522(F):

| Name of Creditor | Description of Collateral |
|---|---|
| 1st Commonwealth FCU | judgment (CCV-11816 on 9-20-16 for $2117.23) |
| | |
| | |

### 3. PRIORITY CLAIMS

A. Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4).

| Name of Creditor | Total Payment |
|---|---|
| | $ |
| | $ |
| | $ |

B. Administrative Claims:
(1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.
(2) Attorney Fees. In addition to the retainer of $ 1000.00 already paid by the debtors, the amount of $ 3848.00 in the plan.

### 4. UNSECURED CLAIMS

A. <u>Claims of Unsecured Non-Priority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full:

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| | | $ | % | $ |
| | | $ | % | $ |

5

B. <u>Claims of General Unsecured Creditors</u>. The debtors estimate that a total of $ __∅__ will be available for distribution to unsecured creditors. The debtors calculate that a minimum of $ __∅__ must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtors calculate that a minimum of $ __∅__ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

C. <u>Funding</u> (check one)
[✓] Pro Rata
[ ] 100%

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

A. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |

## 6. OTHER PLAN PROVISIONS:

A. _____

B. _____

C. _____

D. _____

E. _____

F. _____

G. _____

H. _____

I. _____

## 7. ORDER OF DISTRIBUTION:

Payments from the plan will be made by the trustee in the following order:

Level 1:
Level 2:
Level 3:
Level 4:
Level 5:
Level 6:
Level 7:
Level 8:

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Domestic Support Obligations.
Level 3: Debtors' attorney's fees.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtors have not objected.

## 8. REVESTING OF PROPERTY (CHECK ONE)

[✓] Property of the estate will vest in the debtors upon confirmation

[ ] Property of the estate will vest in the debtors upon closing of the case.

## GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

1. All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

2. If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtors. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtors are responsible for reviewing claims and filing objections, if appropriate.

3. In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

4. If debtors are successful in obtaining a recovery in any personal injury or other litigation in which debtors are the plaintiffs during the term of this plan, any such recovery in excess of any applicable exemption will be paid to the trustee as a special plan payment, in addition to debtors' regular plan payments, for the benefit of the unsecured creditors.

Dated: 6/27/17

/s/ Barton Knochenmus, Esq.
Attorney for Debtors

/s/ Cory Knecht
Debtor

/s/ Bernadette Knecht
Joint Debtor